IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GLEN STEWART, <br> DARSHANPRIT DHILLON, <br> JOHN KRAKOWSKI and <br> SALLY YOUNG, individually, and <br> on behalf of those similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN EAGLE AIRLINES, <br> INC.; <br><br> AIR LINE PILOTS ASSOCIATION, <br> INTERNATIONAL; <br><br> AMERICAN AIRLINES, INC.; <br><br> and <br><br> ALLIED PILOTS ASSOCIATION, <br><br> Defendants. | Civil Action No. _____ <br><br><br> Judge _____ <br><br><br><br><br> **COMPLAINT - CLASS ACTION** |

## CLASS ACTION COMPLAINT FOR DECLARATORY RELIEF

Plaintiffs Glen Stewart, Darshanprit Dhillon, John Krakowski and Sally Young

(collectively "Plaintiffs"), on behalf of themselves and all persons similarly situated, for

their complaint against Defendants American Airlines, Inc. ("American"), American

Eagle Airlines, Inc. ("American Eagle"), Air Line Pilots Association, International

("ALPA"), and Allied Pilots Association ("APA"), state:

### The Parties

1.      Plaintiff Stewart is a natural person residing in Rutherford County,

Tennessee.

2.    Plaintiff Dhillon is a natural person residing in Illinois.

3.    Plaintiff Krakowski is a natural person residing in Missouri.

4.    Plaintiff Young is a natural person residing in Missouri.

5.    American is a Delaware corporation which operates an international airline and does business in Nashville, Tennessee.

6.    American Eagle is a subsidiary Delaware corporation of American which operates a regional airline and does business in Nashville, Tennessee.

7.    ALPA is an unincorporated association and labor organization maintaining its headquarters in Washington, D.C.  ALPA is the certified collective bargaining agent for the American Eagle pilots.

8.    APA is an unincorporated association and labor organization maintaining its headquarters in Fort Worth, Texas.  APA is the certified collective bargaining agent for the American pilots.

## Jurisdiction and Venue

9.    Plaintiffs' claims arise under the Railway Labor Act ("RLA"), 45 U.S.C. §§ 151, et. seq.  As a result, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337.  Venue is proper pursuant to 45 U.S.C. §§ 153 (q) and (p) since Plaintiff Stewart resides in this District, and Defendants American Eagle and American operate in this District.  Venue is also proper pursuant to 28 U.S.C. § 1391 (b) and (c) since Defendants American Eagle and American may be found in this District.

-2-

## Factual Background

11.     This case arises out of the merger of American and Trans World Airlines, Inc. ("TWA"). Plaintiffs are all former TWA pilots.

12.     American acquired the assets of TWA in April 2001, including its aircraft, routes and unionized employees. American initially operated those assets through a wholly-owned subsidiary known as TWA, LLC. It did so until TWA's operations were fully transitioned to American in 2003.

13.     In the midst of that transition, in March 2002, the National Mediation Board determined that American and TWA, LLC were a "single carrier" for purposes of union representation. The Mediation Board's single carrier determination meant that although the former TWA pilots were actually employed by an American subsidiary, TWA, LLC, they were then subject to American's collective bargaining agreement with APA.

14.     A supplement to the American/APA collective bargaining agreement executed by American and APA in November 2001 controlled the former TWA pilots' placement on the American pilot seniority list. Approximately 1,200 of the former TWA pilots were simply "stapled" to the bottom of the seniority list and given no credit for their TWA seniority. The remaining 1,100 former TWA pilots were integrated into the list in a manner by which they retained only approximately 15% of the seniority earned at TWA.

15.     The events of 9/11 caused massive lay-offs or "furloughs" in the airline industry. The former TWA pilots freshly stapled to the bottom of the seniority list

-3-

suffered the brunt of those furloughs at American. Each of the Plaintiffs was furloughed following 9/11. Approximately 1,200 of their brethren, all members of the putative Class, suffered the same fate.

16.     In 2007 and 2008, American recalled several hundred furloughed pilots back to active service. The recalled pilots were all former TWA pilots. Plaintiff Young was among them.

17.     ALPA, the collective bargaining agent for the American Eagle pilots, claimed that the recall and training of former TWA pilots violated an agreement between it and the other Defendants known as the "Flow-Through Agreement." Under that Agreement, American Eagle pilots were given certain rights to "Flow-Through" to American in the event it hired "new" pilots. ALPA claimed that the recalled former TWA pilots were "new hires" under this Flow-Through Agreement and that Eagle pilots should have been offered those positions and trained before any of the former TWA pilots.

18.     ALPA filed a grievance asserting its position relative to the Flow-Through Agreement. All the Defendants were parties to the grievance, but none of the Plaintiffs were given notice of the grievance and none participated in its resolution.

19.     ALPA's grievance was resolved by way of binding arbitration. The case was heard in June 2009. None of the Plaintiffs were given notice of the hearing and none attended personally or through counsel.

20.     The arbitration was decided in ALPA's favor pursuant to a written Award dated October 18, 2009 by arbitrator George Nicolau (the "Nicolau Award"). A copy of

-4-

the Nicolau Award is attached as Exhibit 1. Arbitrator Nicolau issued a "Remedy" for

his Award on April 9, 2010. A copy of the Remedy is attached as Exhibit 2.

## Class Action Allegations

21.     Plaintiffs bring their claims as individuals and as representatives of a

Class pursuant to Fed. R. Civ. P. 23(b)(2).

22.     The proposed Class would consist of two sub-classes defined as follows:

A.      All persons formerly employed as pilots by Trans World Airlines, Inc. who subsequently received an American Airlines, Inc. seniority number, who were furloughed by TWA, LLC and subsequently recalled by American Airlines, Inc. and who did not receive actual notice of the June 1, 2009 arbitration hearing concerning a grievance filed by the Air Line Pilots Association on behalf of American Eagle Airlines, Inc. pilots against American Airlines, Inc. on March 29, 2008 identified as FLO-0108; and

B.      All persons formerly employed as pilots by Trans World Airlines, Inc. who subsequently received an American Airlines, Inc. seniority number, who were furloughed by TWA, LLC and not recalled by American Airlines, Inc. and who did not receive actual notice of the June 1, 2009 arbitration hearing concerning a grievance filed by the Air Line Pilots Association on behalf of American Eagle Airlines, Inc. pilots against American Airlines, Inc. on March 29, 2008 identified as FLO-0108.

23.     The Class, consisting of more than 1,200 people, is so numerous that

joinder of all members is impracticable. The members of the Class are disbursed

throughout the country.

24.     There are questions of law or fact common to the Class. The factual issue

in this case is whether the members of the Class received notice of the arbitration

hearing. The legal issue presented is whether the lack of notice violates the rights

afforded the members of the Class by the RLA.

-5-

25. The claim of the representative parties is typical of the claims held by the Class. Like the Class members, the representative parties have all been denied their statutory right to notice under the RLA.

26. The representative parties will fairly and adequately protect the interests of the Class. The representative parties have the same interest as the Class members in prosecuting this claim. Plaintiffs have retained qualified and experienced class action counsel to represent them and the Class members.

## Count 1 (Declaratory Relief)

27. Plaintiffs incorporate paragraphs 1 through 26 as if restated herein.

28. The Railway Labor Act ("RLA"), which also applies to airlines, calls for an arbitration panel, or "System Board of Adjustment," to hear and decide most labor disputes in the airline industry and provides procedural safeguards as to such hearings. For example, the RLA states:

> Parties may be heard either in person, by counsel, or by other representatives, as they may respectively elect, and the several divisions of the Adjustment Board shall give due notice of all hearings to the employee or employees and the carrier or carriers involved in any disputes submitted to them.

*45 U.S.C. § 153 (j).*

29. The RLA provides a limited remedy to any employee aggrieved by any arbitration award:

> If any employee or group of employees . . . is aggrieved by any of the terms of an award . . . then such employee or group of employees . . . may file in any United States district court in which a petition under paragraph (p) could be filed,

-6-

a petition for review of the division's order. . . . The court shall have jurisdiction to affirm the order of the division, or to set it aside, in whole or in part, or it may remand the proceedings to the division for such further action as it may direct. On such review, the findings and order of the division shall be conclusive on the parties, except that the order of the division may be set aside, in whole or in part, or remanded to the division **for failure of the division to comply with the requirements of this chapter** . . . .

*45 U.S.C. §153(q)* (Emphasis added).

30.     Plaintiffs seek a declaration from the Court that the Nicolau Award and Remedy be set aside in their entirety. The Award should be set aside because Plaintiffs and the members of the Class were not given notice of the arbitration and hearing as required by the RLA. Plaintiffs and the members of the Class have standing to seek such relief because they are aggrieved by the terms of the Award and Remedy.

## Prayer for Relief

Plaintiffs, on behalf of themselves and the Class, request the Court enter a judgment which sets aside the Nicolau Award and Remedy, awards Plaintiffs their reasonable attorney's fees and costs, and grants them such further relief as the Court deems proper.

-7-

GREEN JACOBSON, P.C.

By: _____
W. Scott Rose, #20987
7733 Forsyth Blvd., Ste. 700
Clayton, MO 63105-2015
tel: 314.862.6800
fax: 314.862.1606
rose@stlouislaw.com

Attorneys for Plaintiffs

-8-