IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GLEN STEWART, DARSHANPRIT DHILLON, JOHN KRAKOWSKI, and SALLY YOUNG, individually, and on behalf of those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN EAGLE AIRLINES, INC., AIRLINE PILOTS ASSOCIATION, INTERNATIONAL, AMERICAN AIRLINES, INC., and ALLIED PILOTS ASSOCIATION,<br><br>Defendants. | Case No. 3:10-cv-00494<br>JUDGE HAYNES<br>MAGISTRATE JUDGE BRYANT |

## PROPOSED AGREED INITIAL CASE MANAGEMENT ORDER

By agreement of the parties, and pursuant to LR 16.01(d), the following Initial Case Management Plan is hereby adopted.

**I. Jurisdiction and Venue**

Plaintiff's claim arises under the federal Railway Labor Act, and therefore, subject-matter jurisdiction is based on the existence of a federal question. There are no disputes as to subject-matter jurisdiction, personal jurisdiction, or service of process. Venue may be disputed, as Defendant American Airlines has indicated it intends to file a motion to transfer this case to the United States District Court for the Northern District of Texas.

**II. Parties' Theories of the Case**

    A. <u>Plaintiffs' Theory of the Case</u>

In April 2001, American Airlines acquired most of the assets of TWA, including its pilots. The named Plaintiffs and approximately 1,200 Class Members are all former TWA pilots who were furloughed after the events of 9/11. In 2007, American Airlines began recalling some of these former TWA pilots to active service.

Defendant Air Line Pilots Association ("ALPA"), which is the collective bargaining agent for the pilots of Defendant American Eagle Airlines, Inc., filed an arbitration action challenging American Airlines' recall of some former TWA pilots. ALPA claimed these positions, and any subsequent positions, should first be offered to American Eagle pilots. ALPA prevailed in the arbitration, in what is now known as the "Nicolau Award."

Defendant ALPA filed its grievance against American Airlines, American Eagle Airlines, and Defendant Allied Pilots Association, the union for the American Airline pilots. None of the Plaintiffs or Class Members were given notice of the grievance or the arbitration hearing and none participated in it. Plaintiffs contend that Defendants' failure to give notice to them directly violated the Railway Labor Act, and on that basis, ask that this Court vacate and set aside the Nicolau Award.

B.  <u>Defendants American Airlines, Inc.'s and American Eagle Airlines, Inc.'s Theory of the Case</u>

Defendant Allied Pilots Association ("APA") is the certified collective bargaining representative of all American Airlines ("AA" or "American") pilots,

-2-

including the former TWA pilots who became employed by AA when American purchased TWA's assets out of bankruptcy in 2001. Supplement W to the collective bargaining agreement between AA and APA is the Flow-Through Agreement, which is a four-party agreement between APA, AA, ALPA and Defendant American Eagle Airlines, Inc. ("AE" or "Eagle"). The Flow-Through Agreement is also Letter 3 to the collective bargaining agreement between Eagle and ALPA. ALPA filed a grievance pursuant to the Flow-Through Agreement and gave notice of the grievance to APA, AA and Eagle. The grievance was resolved in binding arbitration before Arbitrator Nicolau, pursuant to the Railway Labor Act, with bifurcated proceedings on liability and remedy. All four parties participated in the hearings on both the liability and remedy phases of the arbitration proceedings.

The present Complaint is brought by four former TWA pilots, as individuals and as putative class representatives of some 1,200 former TWA pilots who were assigned AA seniority numbers but were furloughed following the events of September 11, 2001. The Plaintiffs seek to set aside the Nicolau Award because they allege they were not given notice of the June 1, 2009 arbitration hearing during the liability phase of the proceedings. However, the 1,200 putative class members were not entitled to individual, personal notice of ALPA's grievance or the hearing dates. The Plaintiffs and the putative class members were represented by APA during all phases of the arbitration proceedings, and both APA and American made arguments on their behalf. Furthermore, some of the putative class members

testified during the remedy phase of the proceedings. Accordingly, notice to APA, Plaintiffs' collective bargaining representative, constituted sufficient notice to the Plaintiffs and all similarly-situated employees. In any event, the Plaintiffs and the putative class members suffered no prejudice from any alleged lack of personal notice because their interests were thoroughly represented in all phases of the arbitration proceedings, some of them testified during the remedy phase of the proceedings, and they possessed no material evidence that was not otherwise presented to the Arbitrator. Therefore, there is no basis for vacating the Nicolau Award.

C.    Defendant Air Line Pilots Association's Theory of the Case

ALPA agrees with the position statements of American Airlines and American Eagle Airlines. ALPA adds: (1) the appropriate remedy for any prejudicial, insufficient notice would have been a timely claim by Plaintiffs against APA (their certified collective bargaining representative), and not to vacate the Nicolau award; and (2) APA's assertion that the Nicolau award should be vacated is incorrect, as Arbitrator Nicolau complied with the Railway Labor Act and acted within his jurisdiction, and as the grievance proceedings did not violate Constitutional due process.

D.    Defendant Allied Pilots Association's Theory of the Case

To the extent that Plaintiffs challenge the decision by Arbitrator George Nicolau on October 18, 2009, which is attached to the Complaint as Exhibit 1 (and

incorrectly labeled as "FLO-0208," which was corrected by the arbitrator on October 30, 2009 and is now correctly cited as "FLO-0108"), on the basis that persons affected by the decision did not receive notice of the hearing as arguably required by 45 U.S.C. § 153(j), the Allied Pilots Association ("APA") also challenges FLO-0108 on the basis that it violates Section 3(p)-(q) of the Railway Labor Act, 45 U.S.C. § 153(p)-(q), for failure to comply with the requirements of the RLA, 45 U.S.C. §§151-188 ("RLA"), and for failure of the Board to "conform, or confine itself, to matters with the scope of [its] jurisdiction." APA also challenges FLO-0108 on the basis that it violates Constitutional due process in that the persons affected by the grievance were entitled to notice and an opportunity to be heard.

### III. Schedule of Pretrial Proceedings

A. Rule 26(a)(1) Disclosures and Other Discovery **(Proposed By Plaintiffs)**

The parties agree that few, if any, material factual issues exist and that the case presents purely legal issues that are best suited to be resolved by way of cross-motions for summary judgment. Limited written discovery is required, and depositions do not appear to be necessary. Therefore, no Rule 26(a)(1) disclosures will be required and all discovery will be completed within ninety (90) days.

A. 26(a)(1) Disclosures and Discovery **(Proposed by AA, AE and ALPA)**:

AA, AE and ALPA believe that, depending on the resolution of the motion to change venue to the Northern District of Texas, discovery will be necessary concerning notifications to Plaintiffs of the Flow-Through Grievance and any alleged prejudice resulting from any lack of such notice. AA, AE and ALPA believe that such discovery can be completed within ninety (90) days of the service of responsive pleadings (which should be thirty (30) days after the Court's decision on the motion to change venue because the substance of the responsive pleading depends upon the jurisdiction in which this lawsuit is pending).

    B.    <u>Meeting of Counsel and Parties to Discuss Settlement Prospects</u>

Ninety (90) days from the date of the initial case management conference, counsel and clients are required to have a telephone conference to discuss whether this case can be resolved without further proceedings. If a party, other than a natural person, is involved in this litigation, a representative who has the authority to settle shall attend this meeting on behalf of that party. After the meeting is conducted, counsel shall prepare a report and file it with the Court reflecting that the parties met and that the parties made a good faith effort to evaluate the resolution of this case. This report should also include whether the parties believe that one of the Alternative Dispute Resolution ("ADR") procedures under Local Rules would further assist the parties in resolving this matter.

    C.    <u>Other Matters</u> **(Proposed By Plaintiffs)**

All Defendants' responsive pleadings shall be due on August 9, 2010.

The deadline for any Defendant to file a motion to transfer this case to another district shall be August 20, 2010. Opposition to a Defendant's motion to transfer shall be due September 9, 2010.

The deadline for Plaintiffs to file their motion for class certification shall be August 20, 2010. Defendants shall file their opposition to Plaintiffs' motion for class certification no later than September 9, 2010. The parties have indicated that they do not anticipate the need for an evidentiary hearing on the motion for class certification. If that should change, the parties should promptly notify the Court.

The deadline for all parties to file motions for summary judgment shall be thirty (30) days after all motions to transfer this case to another district and the motion for class certification have been ruled upon, but no earlier than thirty (30) days after the close of discovery.

Briefing on all motions shall be in accordance with the time limits, page limits, and other requirements of the Local Rules.

C.    Other Matters **(Proposed by AA, AE, ALPA, and APA)**

For Defendants AA, AE ALPA, and APA responsive pleadings shall be due 30 days after the Court issues its decision concerning the transfer of venue. The deadline for any Defendant to file a motion to transfer this case to another district shall be August 10, 2010. Opposition to a Defendant's Motion to transfer shall be due on August 30, 2010.

Plaintiffs' motion for class certification shall be due 30 days after the Court issues its decision concerning the transfer of venue. Defendants shall file any opposition to Plaintiffs' motion for class certification twenty days after Plaintiffs' filing. AA, AE, ALPA, and APA anticipate that no evidentiary hearing on the motion for class certification will be necessary.

The deadline for all parties to file motions for summary judgment shall be no earlier than thirty (30) days after the close of discovery.

It is SO ORDERED.

s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge

Submitted by:

GREEN JACOBSON, P.C.,

By: s/ Timothy J. Lemen
W. Scott Rose, #20987
Allen P. Press, *pro hac vice*
Timothy J. Lemen, *pro hac vice*
7733 Forsyth Blvd., Ste. 700
Clayton, MO 63105-2015
tel: 314.862.6800
fax: 314.862.1606
rose@stlouislaw.com
press@stlouislaw.com
lemen@stlouislaw.com

*Attorneys for Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that on this the 8th day of July, 2010, a copy of the foregoing Proposed Agreed Initial Case Management Order was sent by operation of the Court's electronic filing system to the following persons:

Mr. R. Eddie Wayland
Mr. Douglas R. Pierce
King & Ballow
1100 Union Street Plaza
315 Union Street
Nashville, TN 37201

Mr. Jonathan C. Fritts
Morgan Lewis
1111 Pennsylvania Ave., NW
Washington, DC 20004-2541

*Attorneys for American Airlines, Inc.*

Mr. Edgar N. James
Mr. Jeff Vockrodt
James & Hoffman
1101 17th Street, NW, Suite 510
Washington, DC 20036-4748

Mr. Robert Jan Jennings
Branstetter, Stranch & Jennings, PLLC
227 2nd Avenue North, 4th Floor
Nashville, TN 37201

*Attorneys for Allied Pilots Association*

Mr. Waverly D. Crenshaw, Jr.
Mr. John J. Park
Waller Lansden Dortch & Davis, LLP
511 Union Street, Suite 2700
P.O. Box 198966
Nashville, TN 37219-8966

Mr. John J. Gallagher
Ms. Intra L. Germanis
Paul Hastings Janofsky & Walker, LLP
875 15th Street, N.W.
Washington, D.C. 20005

*Attorneys for American Eagle Airlines, Inc.*

Mr. Marcus Charles Migliore
Air Line Pilots Association
1625 Mass. Avenue, NW, 8th Floor
Washington, DC 20036

Mr. William Michael Hamilton
Provost Umphrey Law Firm, LLP
2021 Richard Jones Road, Suite 300
Nashville, TN 37215

Mr. James Kenneth Lobsenz
Air Line Pilots Association
535 Herndon Parkway
Herndon, VA 20170

*Attorneys for Airline Pilots Association, International*

s/ Timothy J. Lemen
Timothy J. Lemen