UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


GLEN STEWART, et al.                    ]
                                        ]
        Plaintiffs,                     ]
                                        ]
v.                                      ]          No. 3:10-00494
                                        ]          JUDGE HAYNES
                                        ]
AMERICAN EAGLE AIRLINES, INC., et al.   ]
                                        ]
        Defendants.                     ]


## MEMORANDUM

Plaintiffs, Glen Stewart, Darshanprit Dhillon, John Krakowski and Sally Young, originally filed this action on behalf of themselves and others similarly situated under the Railway Labor Act ("RLA"), 45 U.S.C. §§ 151 et seq. against the Defendants, American Airlines, Inc., ("AA"), American Eagle Airlines, Inc., ("AE"), Air Line Pilots Association, International, ("ALPA"), and Allied Pilots Association ("APA"). In sum, Plaintiffs' claims are that they did not receive notice of arbitration and hearing as required under the RLA. In an amended complaint filed on October 20, 2010, Plaintiffs removed their class allegations.

Before the Court is the Defendants' motion to transfer venue to the Northern District of Texas under 28 U.S.C. § 1404(a) (Docket Entry No. 48), contending that all of the Defendants maintain headquarters or reside in the Northern District of Texas, all of the key witnesses reside in that district and all of the relevant events occurred there, including the alleged lack of notice to Plaintiffs of the arbitration proceeding. Defendants contend that this action lacks any connection to

this forum and only one named Plaintiff resides in this district while the remaining approximately 1,200 putative class members are dispersed throughout the country.

In their response (Docket Entry No. 53), Plaintiffs concede that the first named Plaintiff resides in the Middle District of Tennessee, none of the plaintiffs reside in the Northern District of Texas and the putative class of airline pilots whom Plaintiffs originally sought to represent consists of more than 1,000 people dispersed across the country. Yet, Plaintiffs contend that the Defendants exaggerate any actual inconvenience they will likely encounter, if any, in defending the action in this district, as this action presents largely legal questions that will likely be decided on cross-motions for summary judgment.

In its reply (Docket Entry No. 56), APA contends that Defendants have not shown whether any witnesses are relevant to the claim in this action; that the discovery is likely to be limited to written discovery on whether Plaintiffs were given formal notice of the grievance and arbitration at issue; and that APA's claim that the arbitrator's decision failed to "conform, or confine itself, to matters within the scope of [its] jurisdiction," under 45 U.S.C. § 153(p)-(q), requires the production of a small number of documents that APA can provide free of charge on a computer readable disk.

For the reasons set forth below, the Court concludes that this action should be transferred to the Northern District of Texas as the forum with the greater contacts and interests in this action.

Under 28 U.S.C. § 1404(a), a district court may transfer any civil action to another appropriate venue "[f]or the convenience of parties and witnesses [and] in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought." "[S]uch a district is one where: (1) the proposed transferee district has subject matter jurisdiction, (2) the defendants are amenable to service of process, and (3) venue is proper."

<u>McLouth Steel Corp. v. Jewell Coal & Coke Co., Inc.</u>, 432 F. Supp. 10, 11 (E.D. Tenn 1976). There

is no dispute that the Northern District of Texas is a district where this action "might have been

brought."

## A. Convenience of the Witnesses and the Parties

Under 28 U.S.C. § 1404(a), the decision to transfer turns on convenience of the parties and

witnesses. <u>Ferens v. John Deere</u>, 494 U.S. 516, 528-529 (1990). Section 1404(a) sets a lesser

standard than under the judicial <u>forum</u> <u>non</u> <u>conveniens</u> doctrine. <u>Piper Aircraft Co. v. Reyno</u>, 454

U.S. 235, 253 (1981). Under 28 U.S.C. §1404(a), the Court "should consider the private interests

of the parties, including their convenience and the convenience of potential witnesses, as well as

other public-interest concerns, such as systemic integrity and fairness, which come under the rubric

'interest of justice.'" <u>Moore v. Rohm & Haas Co.</u>, 446 F.3d 643, 647 n.1 (6th Cir. 2006) (citation

omitted). The movant bears the burden on this issue to show that "the transferee forum is clearly

more convenient." <u>Coffey v. Van Dorn Iron Works</u>, 796 F.2d 217, 220 (7th Cir. 1986).

In determining convenience, a court considers: "(1) the location of willing and unwilling

witnesses; (2) the residence of the parties; (3) the location of sources of proof; (4) the location of the

events that gave rise to the dispute; (5) systemic integrity and fairness; and (6) the plaintiff's choice

of forum." <u>Oakley v. Remy Intern., Inc.</u>, No. 2:09-0107, 2010 WL 503125, at *4 (M.D. Tenn. Feb.

5, 2010). "Convenience of *non-party* witnesses, as opposed to employee witnesses, is one of the

most important factors in the transfer analysis." <u>Smith v. Kyphon, Inc.</u>, 578 F.Supp.2d 954, 963

(M.D. Tenn. 2008) (emphasis in original) (citations omitted). "The determination of the convenience

of witnesses is not merely a 'head count,' but includes a consideration of the importance of each

witness and 'includes both non-party witnesses outside the scope of the Court's subpoena power and

the geographic location of any witnesses likely to testify in the case.'" Oakley, 2010 WL 503125, at *4.

"Unless the balance is strongly in favor of the defendant, the plaintiff's choice . . . should rarely be disturbed." Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1948). If the balance between the plaintiff's choice of forum and defendant's desired forum is even, the plaintiff's choice of law should prevail. West Am. Ins. Co. v. Potts, 908 F.2d 974 (6th Cir. 1990).

Defendants contend that Tennessee lacks any connection to the events at issue and that most, if not all, potential witnesses under Defendants' control, are located in the Fort Worth, Texas area. If this case is not resolved on dispositive motions many, if not all, of Defendants' witnesses will have to travel from Texas to Tennessee to testify in this action. In their reply (Docket Entry No. 57), Defendants contend that APA has not identified which representatives were responsible for providing notice to Plaintiffs, that those witnesses most likely reside at APA's headquarters in Fort Worth, Texas, and certainly do not reside in this District, where APA does not maintain any offices. Moreover, Defendants contend that APA has failed to show that these individuals remain under its control to compel their attendance at proceedings in this District. ALPA and APA are not transportation companies, but Defendants will have to bear the burden and expense of having their agents and employees travel to this District from Texas.

Plaintiffs contend that this action presents predominantly legal issues and will likely be decided by summary judgment and that AA and AE regularly conduct business and operate in this District. Plaintiffs and APA also contend that the witnesses identified in Defendants' motion are all Defendants' employees or agents and Defendants have failed to identify any non-party witnesses who would suffer hardship, if this action remained in this District. Plaintiffs cite Canada v.

4

American Airlines, No. 3:09-0127, 2009 WL 2176983, at *2 (M.D. Tenn. July 21, 2009), an ERISA

action, where the district court noted:

> In this case, Defendants assert that all but one of their witnesses work and/or reside
> in Fort Worth. However, the Court finds this not compelling for several reasons.
> First, the witnesses Defendants have identified all appear to be employees of
> American Airlines and it is the convenience of non-party witnesses which is of
> critical concern to the transfer analysis since employees can be compelled to testify
> by their employers. Second, the convenience of witnesses is a lesser consideration
> where, as here, the defendant is a transportation company and is able to bring the
> witnesses to the forum with little difficulty. Third, the parties agree that this case may
> in fact be decided on the basis of "paper submissions" in that the Court will be
> required to interpret the Plan documents in light of the applicable law.

Id. (citations omitted).

The Court concludes that because ALPA and APA are not transportation companies, any

inconvenience would not be minor. As to Plaintiffs, three of the four Plaintiffs reside outside of

Tennessee and would be inconvenienced whether they testified in Tennessee or Texas. The Court

is uncertain if, in fact, there are any non-party witnesses whose testimony is necessary to decide this

case. The Court is unable to resolve this issue in the context of Defendants' motion.

**B. Location of Sources of Proof**

Plaintiffs concede that any discovery in Tennessee would be limited. (Docket Entry No. 17,

at ¶ 8). The relevant documents are in the Fort Worth area, but Defendants do not assert that such

records would be so voluminous as to prove inconvenient given Plaintiffs' removal of the class

claims in their amended complaint. "[T]his factor is generally considered neutral given the present

technology for producing documents in distant places." Sony/ATV Music Pub., LLC v. CAVS USA,

Inc., 2009 WL 2177110 at *9 (M.D. Tenn. July 21, 2009).

**C. The Location of Events Giving Rise to the Dispute**

The grievance and arbitration proceeding at issue occurred in the Northern District of Texas. Defendants administered the agreement at issue at the various offices in or near Forth Worth, Texas. Thus, the center of gravity in this action is the Northern District of Texas. See Oakely, 2010 WL 503125, at *5 ("'A fundamental principle guiding the Court's analysis of a motion to transfer is that litigation should proceed in that place where the case finds its center of gravity.'") (citations and internal quotation marks omitted). This factor favors the Defendants.

## D. Systemic Integrity and Fairness

Defendants contend that this action concerns businesses and labor unions in Texas; that the grievance and the dispute arose in Texas; and that the arbitration occurred in Texas. If the arbitration award at issue were vacated, the outcome would adversely affect approximately 1,014 AE pilots based in the Dallas-Fort Worth, Texas area. Texas has a significant interest in ensuring that Texas's major businesses and unions abide by the applicable laws. The Court concludes that Texas has a greater interest in this action than Tennessee. See New Hope Power Co. v. U.S. Army Corps of Eng'rs, No. 09-2413, 2010 WL 2838538 at *5 (D.D.C. July 20, 2010) ("[T]he interests of justice are promoted when a localized controversy is resolved in the region that it impacts.") (quoting Nat'l Wildlife Fed'n v. Harvey, 437 F.Supp.2d 42, 50 (D.D.C.2006)). This action involves the application of federal law for which neither district court is more qualified.

## E. Plaintiffs' Choice of Forum

A "plaintiff's choice of forum is accorded some deference and given substantial weight, although it is not a dispositive factor." Forward Air, Inc. v. Dedicated Xpress Services, Inc., No. 2:01-CV-48, 2001 WL 34079306 at *5 (E.D. Tenn. Dec. 13, 2001) (citing Lewis v. ACB Business

Services, Inc., 135 F.3d 389, 413 (6ᵗʰ Cir. 1998)). The Court concludes that this factor weighs in favor of Plaintiffs.

On balance of all factors, the Court concludes that this action should be transferred to the Northern District of Texas that has the greater interest in this action. Accordingly, Defendant's motion to transfer (Docket Entry No. 48) should be granted.

An appropriate Order is filed herewith.

**ENTERED** this the ___ day of November, 2010.

WILLIAM J. HAYNES, JR.
United States District Judge